WILHELM TOBEN et al., Appellees, v. TOWN OF MANSON et al.,
Appellants.

**MUNICIPAL CORPORATIONS:**     Public Improvements—Sewer and
Water Connections.  A city or town may not assess to private prop-
erty the cost of multiple sewer and water connections made by it
when, in the proceedings to compel the owner to make the connec-
tions, the municipal authorities did not indicate that more than
*one* connection for water and one connection for sewer was required
for each tract of property.

*Appeal from Calhoun District Court.*—E. G. ALBERT, Judge.

JANUARY 10, 1922.

THE opinion sufficiently states the case.—*Affirmed.*

*V. P. McManus, Mitchell & Files,* and *J. F. Lavender,* for
appellants.

*E. C. Stevenson,* for appellees.

PER CURIAM.—During the year 1920, the town of Manson
paved certain of its streets, constructed certain sewers, and
laid certain water mains.  Preparatory to these improvements,
the town council enacted an ordinance by the terms of which it
was made the duty of owners of property fronting on such
streets "to make connections for gas, water, and sewers to the
curb line of the adjacent property," and, in the event that such
connection be not made before the improvement in the street is
completed, "no permit shall issue for making such connection
within 15 months after the improvement is completed and ac-
cepted, except on payment of a fee of $25 in addition to all
other fees and charges."  By other sections of the ordinance,
the town council, if it deem it necessary that such connections
be made, may give notice to lot owners to make the same, and if
such notice is not complied with, it is then made competent for
the council to let the contract therefor and to assess the cost so

incurred upon the several lots. Under the alleged authority of this ordinance and of the statute, the council did cause a large number of water and sewer connections to be made; and as it was about to assess such costs as a special tax upon the adjoining property, this action was begun in equity to enjoin it, it being alleged. that the council proceedings were wholly without authority of law.

Defendants deny that the proceedings were unauthorized, and allege that, in ordering such connections and causing the same to be made at the expense of the adjoining property, they proceeded, not only within the provisions of the ordinance above mentioned, but also under. the authority of the statute, Code Section 809. The statute here cited is found in Code Title V, Chapter 7, granting power to cities in the matter of street improvements, and provides that they may require street connections with gas, water, and sewer systems to be put in before permanent street improvements are made, and that, if the property owner fails to comply with the regulation, the council may cause the required connections to be put in, and tax the cost to the property so served.

On the trial, it was conceded of record that, before causing such connections to be made, the town served on each lot owner a notice that the council deemed it necessary that "connections from water mains and sewers be made to the curb line," and that said owners should "make such connections" within ten days, or show cause in writing for failing to do so. It is further agreed that the property owners did not make such connections, and that the town caused them to be put in. Among the connections so provided, there was not less than one, and in many cases more than one, to each lot or tract of land bordering upon the designated streets. For example, in one instance a single lot was provided with eight connections for water and three for sewers; in another, an unplatted tract of farm property extending 80 rods along the street side was supplied with nine connections; and another acreage tract of two acres was also given two water and two sewer connections. There were several other instances of like character. Aside from the stipulation mentioned, there is no evidence whatever as to the nature or kind of property served by these connections, or of the manner

in which such property is used or occupied, or the reasons why multiplied connections should be furnished to a single lot. It will also be observed that the notice given these property owners is that "connections shall be made to the curb line," without specific description of the property or any suggestion that more than one connection was required with each lot.

The trial court found that, in numerous instances, the connections charged for were made on streets not paved or permanently improved; and in these instances, it was ordered that the assessments be canceled, as having been made without authority. It stated its further findings as follows:

"The court is of the opinion that, under the said section of the Code and the ordinance of the defendant town, the town has the right to order in and cause to be constructed and charged to the property, even as against the protest of the property owner, one sewer and one water connection for each lot or parcel of ground: that is to say, that, where the land is platted into lots, there can be no more than one sewer and one water connection ordered in or charged for, unless such lot be subdivided and owned separately, and where there is acreage property not plotted and subdivided, the court does not think the town has power to order in or charge said property for more than one sewer and one water connection. It therefore follows that, where more than one sewer or water connection is charged against any individual lot or acreage which has not been subdivided, the town is acting wholly without jurisdiction, and that injunction should issue accordingly."

Whether the jurisdiction of the town and its council is to be limited strictly within the terms of this ruling, we think it unnecessary here to decide. So far as this case is concerned, there is nothing in the pleadings or proofs to indicate that the council, by its resolution or by its notice or demand upon the property owners, called upon them to do more than to connect each piece or tract of property with the water and sewer mains at the curb line. Had the property owners seen fit to act upon the order and notice given by the town, and each had put in a single water and single sewer connection at the curb line of each separate tract, they would have complied literally and sufficiently with the demand made upon them. Had the owners done this, and the

town, ignoring such compliance, had proceeded to put in other and additional connections not asked for or desired by the owners, its act would clearly be unauthorized, and no right would be thereby acquired to assess the expense so incurred upon the adjoining property. If the right to multiply such ·expenses and increase such burdens upon property exists at all (and we do not deny it), it is an extraordinary power, which should be held in leash, to be exercised only upon showing of good cause therefor.

The decree entered by the trial court appears to fairly guard both the public and private interests involved in this litigation, and it is—*Affirmed.*